TIMOTHY SULLIVAN v. JOSEPH LARKIN *et al.*

**No. 11208.**

WILL—*Estates Defined.* A testator specifically devised to one of his children the entire estate in a certain tract of land, and to each of the remaining children a life-estate only in a particular tract, and then in a general residuary clause provided that the proceeds derived from the sale of all other property should be divided equally among his children. *Held*, that the residuary clause carried the fee simple of the lands in which only a life-estate was specifically devised.

Error from Johnson district court; JOHN T. BURRIS, judge. Opinion filed May 6, 1899. Affirmed.

35—60 KAN.

*A. Smith Devenney*, for plaintiff in error.

*Ogg & Scott*, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J. : This was an action by Timothy Sullivan to recover real estate from the children of John Larkin, deceased, and which plaintiff claims descended to him through his deceased wife, a daughter and heir of John Larkin. He also asks a partition of certain real estate in which he claims an undivided interest.

John Larkin, who owned considerable real estate in Kansas and Missouri, died, leaving as his only heirs seven children, one of whom was Catherine Larkin, who married Timothy Sullivan about a year after the death of her father. Several years before his death John Larkin made a will which provided for the sale of his personal property and the payment of his debts, and in disposing of his real estate he gave one son a quarter-section of land outright, and to each of the remaining six children he gave a life-estate in a particular tract of land, and in addition gave one of them a legacy of $2000. The will then provided : "I will and devise that all other property which I may own at the time of my death, both in Kansas and Missouri, shall be sold upon the most favorable terms by my said executors and the proceeds be divided among my children equally."

There were several tracts of land not specifically devised, but it appears that these, and possibly a portion of the other lands, will be required to pay the debts of the estate. Each of the children took possession of the lands so specifically devised, and it appears that in about two months after her marriage the daughter Catherine died, leaving her husband

Timothy Sullivan as her sole heir. He contends that the will is incomplete and invalid, because a life-estate only, and not a fee, of some of the lands was devised ; that the heirs take under the law and not under the will ; and, further, that each heir having taken possession of a specific tract of land, it should be treated as an allotment or a voluntary parol partition of the estate, and that the share to which he is entitled as the heir of Catherine is controlled by law and not by the terms of the will. The court held the will to be valid, and that those to whom lands were devised during their natural lives took a life-estate in such lands, and that the property remaining and not specifically disposed of went to the heirs general of John Larkin, deceased. It was held that the life-estate of Catherine in the land occupied by her terminated at her death, and that the plaintiff, as her sole surviving heir, was entitled to a one-seventh interest therein. Accordingly it was decreed that partition of that tract of land be made among the surviving heirs, if practicable, and, if not, that a sale and distribution of the proceeds be made.

The judgment must be sustained. It appears that the statutory formalities were observed in making the will, and there is no suggestion of fraud, undue influence, or lack of testamentary capacity. While a fee was given to one of the children and only a life-estate to the others, there may have been sufficient reasons for such discrimination ; but whatever the reason may have been, Larkin had absolute dominion over his property, and it was competent for him to dispose of it as he saw fit. Caprice and seeming injustice in the disposition of property will not defeat the will of the testator, but where, as in this case, the residue of the property was devised to each of the

heirs, there is little room for a claim of partiality or injustice. The will in question was duly probated, and no direct attack has ever been made upon its validity. Unless void upon its face, it must, therefore, control the disposition of the testator's property.

The objection that it is invalid because it does not make a complete disposition of all the interest and estate of the testator cannot be sustained. Even if it were a fact that some of the testator's property was not disposed of, it would not defeat the will, and the property overlooked would ordinarily pass to the heirs. The fee of the land in which a life-estate was given by the will cannot be regarded as having been overlooked and that no disposition had been made of it. Although the fee of such land was not specifically devised, it was fairly included in and legally passed under the general residuary clause of the will. As will be observed, this clause of the will is general and inclusive, and the tendency of the courts is to give the widest and most liberal construction to a residuary devise. (1 Jarm. Wills, 6th ed., 635.) The same authority shows that such a residuary clause operates in cases where only a partial or contingent interest in lands is specifically devised, leaving an alternate or ulterior interest or estate undisposed of. In the absence of anything showing a contrary intention on the part of the testator, a residuary clause like the one in the Larkin will carries the fee of lands in which a life estate was specifically devised. (1 Jarm. Wills, 6th ed., 637.) Evidently it was the purpose of the testator to dispose of his entire estate, and that all of the property not specifically devised should, when the life-estates were terminated, be equally divided among his children. Until the life-estate is terminated by the death of one to whom the land is specifically devised

the other children are not entitled to the possession or enjoyment of such land. After that time it may be disposed of in accordance with the provisions of the residuary clause. (*Ferguson v. Thomasson*, 9 S. W. [Ky. Ct. of App.] 714.)

We think the will is valid and its provisions effectual in disposing of the entire estate of the testator, and that the plaintiff has no cause to complain of the judgment of the district court. It will therefore be affirmed.